IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STINA SHIPPING, LTD and<br>HOLY HOUSE SHIPPING AB, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   CIVIL ACTION NO. 12-0068-KD-M<br>) |
| MILLARD REFRIGERATED SERVICES,<br>INC., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for more definite statement filed by defendant Millard Refrigerated Services, Inc. (doc. 8) and the response filed by defendant Millard Refrigerated Services, Inc. (doc. 11). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Rule 12(e) of the Federal Rules of Civil Procedure provides for a motion for more definite statement and states as follows:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . .

Fed. R. Civ. P. 12(e)

Additionally, in regard to a "Claim for Relief", the Federal Rules explain that

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

1

>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Also, Rule 10(b) requires that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

>   Overall,
>
>   The complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marsh v. Butler County*, 212 F.3d 1318, 1321 (11th Cir.2000) (*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Motions for more definite statement are viewed with disfavor and are rarely granted." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, etc, in rem*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) (citations omitted).

*Allied American Adjusting Co., LLC v. Fair*, 2007 WL 2462019, 1 (S.D.Ala., Aug. 24, 2007) (denying motion and explaining that a "motion for more definite statement 'is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.'") (quoting *Fathom Exploration*, 352 F.Supp.2d at 1221).

Upon review of the complaint, the Court finds that it is not vague or ambiguous, but instead contains sufficient short and plain statements of the claims against Millard and the relief sought which are set forth in separate enumerated paragraphs based upon a single set of circumstances. Millard has received fair notice that it is being sued for negligence and strict liability, in a sum certain amount, as a result of an ammonia leak on a date and time certain. The

complaint is not an unintelligible pleading which necessitates granting the motion for more definite statement and thus, the motion is denied.

**DONE** and **ORDERED** this 26th day of March, 2012.

                                               **s / Kristi K DuBose**
                                               **KRISTI K. DuBOSE**
                                               **UNITED STATES DISTRICT JUDGE**